**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISON**

| | | |
|---|---|---|
| LANCE HUNDLEY, | ) | CASE NO. 4:24-cv-01565-JPC |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | REUBEN J. SHEPERD |
| WARDEN WILLIAM COOL, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant, | ) | |
| | ) | |

Petitioner Lance Hundley ("Hundley") filed a Notice of Intent to File Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on September 13, 2024. (ECF Doc. 1). On August 5, 2025, the District Judge referred Petitioner's matter to me pursuant to 28 U.S.C. § 636(b)(1)(A) and Northern District of Ohio Rule 72.2(a) for *in camera* review of materials submitted by the Federal Public Defender, and production to Respondent, as appropriate, of any materials relevant to the issue of equitable tolling. (ECF Doc. 56, pp. 1-2). In my Report and Recommendation from August 19, 2025, I determined that, because of the nature of the claims in his equitable tolling argument, Hundley has waived attorney-client and work product privilege as to any documents relevant to determining whether equitable tolling applies in his federal habeas petition, particularly those files relating to his prior State counsel's representation. (*See* ECF Doc. 58, pp. 2-7). On August 29, 2025 the District Judge conducted a status conference on the record to address the subpoenas issued to Hundley's prior state counsel, including nonparty Rhys Cartwright-Jones. (ECF Doc 60). During that hearing, the District Judge ordered Cartwright-

1

Jones to submit his records and files relevant to equitable tolling to me for *in camera* review and production to the parties. (*Id.*).

On September 4, 2025, counsel for Cartwright-Jones submitted three folders containing materials related to his representation in Hundley's state cases for the Court's *in camera* review. I have concluded my *in camera* review of the submitted materials and have determined which may be relevant to the issue of equitable tolling. To more easily facilitate production to the parties, I have divided the relevant files into a separate folder and produced that folder to Cartwright-Jones' counsel concurrent with my docketing of this Report and Recommendation. Accordingly, I recommend that nonparty Cartwright-Jones produce the identified materials to the parties expeditiously.

As before, I note that discovery on the matter is ongoing and subpoenas have been issued, including to obtain records maintained by the Ohio Department of Rehabilitation and Correction. (*See, e.g.*, ECF Docs. 53, 55). I remain available should the Court determine further *in camera* review is necessary as discovery progresses.

Dated: September 15, 2025

REUBEN J. SHEPERD
UNITED STATES MAGISTRATE JUDGE

---

## OBJECTIONS

### Objections, Review, and Appeal

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28

U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

* * *

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) quoting *Howard*. The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).

3